FILED
SUPERIOR COURT
OF GUAM

2018 JUN -8 PM 3: 16

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0213-18 |
| v. | |
| DERICK EVAN BAZA HILLS,<br>DOB: 01/10/1988 | DECISION AND ORDER DENYING<br>MOTION TO RELEASE THE DEFENDANT<br>ON PERSONAL RECOGNIZANCE |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on May 22, 2018 for Defendant Derick Evan Baza Hills's ("Defendant") Motion to Release the Defendant on Personal Recognizance (the "Motion to Release"). Defendant was present and represented by Assistant Public Defender William Jones. The People of Guam were represented by Assistant Attorney General Terry VanEaton. Probation Officer Rene Balbin was present for Adult Probation Services. Having reviewed the parties' arguments, the record, and the relevant law, the Court ruled from the bench DENYING Defendant's Motion to Release. The Court issues this Decision and Order to memorialize its ruling and in compliance with 8 Guam Code Annotated ("GCA") § 40.50.

## BACKGROUND

Defendant is charged with: (1) Three Counts of IMPERSONATING A PUBLIC OFFICER (As a Misdemeanor) in violation of 9 GCA § 55.30; (2) THEFT BY DECEPTION (As a Misdemeanor) in violation of 9 GCA §§ 43.35(a)(1) and 43.20(c) and (f); and (3) THEFT BY THREATENING (As a Misdemeanor) in violation of 9 GCA §§ 43.40(a)(2) and 43.20(c) and (f). This matter stems from an alleged incident which occurred on April 26, 28, and 29,

2018. Defendant is accused of impersonating a police officer by using the badge and uniform of a deceased relative to stop tourists and demand "fine" payments for "violations" Defendant told tourists they had committed. People's Opp. to Mot. to Release on Personal Recognizance, at p. 2 (May 14, 2018).

Defendant is confined pending the posting of one thousand dollars ($1,000) cash bail.[1] Magistrate's Hearing (May 2, 2018). Defendant filed the instant Motion for Release on May 7, 2018. The People opposed for reasons set forth in its Opposition to Motion to Release on Personal Recognizance (May 14, 2018).

## LAW

Title 8 of the Guam Code Annotated § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines,* in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). In making such a determination, the Court is guided by the following factors:

(1) The nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) The history and characteristics of the person charged, including:
    (A) Length of his residence on Guam;
    (B) his employment status and history, and financial condition;
    (C) his family ties and relationships
    (D) his reputation, character, and mental and physical condition;
    (E) his prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) his history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his reliability;
    (H) *whether, at the time of the current offense or arrest,* he was on probation, on parole, *or on other release pending trial,* sentencing, appeal or completion of sentence of an offense under federal, state or local law; and
    (I) his/her history of compliance with other court orders;
(3) The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;

---

[1] Defendant posted bail for this case on May 23, 2018. Order of Conditional Release and Appearance Bond (May 23, 2018).

(4) Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;

(5) Lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and

(6) *Any other factors which bear on the risk of willful failure to appear* or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

## ANALYSIS

In addition to the arguments asserted in his written motion, Defendant argued for release in order to complete his exams and to avoid losing the credits for those classes.[2] Contrarily, the People argue Defendant has failed to provide the Court with any assurance that he will comply with the Court's orders or that he will refrain from further criminal behavior.

Including this case, Defendant has three outstanding criminal matters, CM0215-18, CF0079-17, and CF0113-17. At the time the alleged offense occurred, Defendant was on-pretrial release for the two latter cases. Thus, the Court agrees with the People that Defendant's compliance and appearance are not assured; primarily relying on 8 GCA § 40.15(c)(2)(H) or that Defendant was on release pending trial when this case was filed against him.

In addition, the nature of the charges in CM0215-18 and this case are nearly identical. In both cases, Defendant is accused of impersonating a police officer in order to collect "fine" payments from tourists. CM0215-18 stems from an incident that occurred on April 22, 2018, while this matter encompasses three separate incidents that occurred over the span of April 26-29, 2018. Lastly, there is nothing to suggest the circumstances today vary from the time the Magistrate Judge considered setting Defendant's bail at $1,000. Therefore, with the opposition, similar charges pending, and Defendant's consistent failure to abide by pre-trial release conditions, the Court concludes denial of Defendant's Motion is appropriate.

//

//

---

[2] Digital Recording at 10:02:45 (Further Proceedings, May 22, 2018).

## CONCLUSION

For the reasons stated above, the Court hereby DENIES Defendant's Motion to Release on Personal Recognizance.

A Pre-trial Conference is scheduled for January 29, 2019 at 11:00 a.m.

**JUN 0 8 2018**

**SO ORDERED** this _____ *nunc pro tunc* May 22, 2018.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

Date: 6/8/18   Time: 3:20

Deputy Clerk, Superior Court of Guam